### No. 6

Nos. 18563-18571—Pennsylvania Railroad Company, a corp., and Ralph Cook, Jr. v. George H. Lindahl, Administrator of the estate of Erick P. Lindahl, deceased. Error to the Court of Appeals of Hamilton county.

829. NEGLIGENCE—Railroad Co. and driver of auto sued jointly for death of his guest in collision—Jury question arises when testimony tends to show that driver attempted to cross tracks after seeing approaching train. ALLEN, J.

1. In the trial of a joint action for personal injury against a railroad company and the driver of an automobile, arising out of a collision between the automobile and a freight train operated by the railroad company upon its right of way in a public highway, in which the plaintiff is the administrator of an invited guest who sat in the automobile at the time of the accident, when there is no evidence fixing the time, if at all, the invited guest saw the train moving toward the crossing, it is not error for the court to refuse to charge the jury that "the question of notice or warning becomes immaterial if the driver of the automobile actually saw the train moving toward the crossing, for notice or warning is intended to bring to a person's attention that which he does not or cannot observe."

2. In such a case where the testimony tends to show that the driver of the automobile actually saw the moving train in time to have avoided the accident, but does not show that the invited guest saw the moving train in time to have avoided the accident, it is not error for the court to submit to the jury the questio of negligence on the part of the driver of the automobile.

Judgments affirmed.

Marshall, C. J., Robinson, Jones, Matthias, Day and Conn, JJ., concur.

### No. 7

No. 18468—Samuel R. Duvall v. The State of Ohio. Error to the Court of Appeals of Lucas county.

333. CRIMINAL LAW—Acquittal of defendant on charge of murder while attempting to commit a robbery, no bar to prosecution for robbery, the two being distinct offenses. DAY, J.

1. An acquittal of a defendant upon the charge of murder in the first degree while attempting to perpetrate a robbery (under Section 12400, General Code) is not a bar to prosecution for the crime of robbery (under Section 12432, General Code), even though committed upon the same person named in the former charge and the robbery was a part of the same criminal act referred to in the indictment for murder.

2. The doctrine of res adjudicata is not applicable where one is being tried for one of the substantive offenses embraced in a conspiracy to commit a robbery, and the former trial and acquittal was for another offense committed in pursuance of the same conspiracy, to-wit, murder in attempting to perpetrate a robbery, additional elements being necessary to establish the latter charge; the two are, therefore, separate and distinct offenses. (Patterson v. State, 96 Ohio St., 90, approved and followed.)

3. A conviction or acquittal upon one indictment is no bar to a subsequent conviction and sentence upon another, unless the evidence required to support a conviction upon one of them would have been sufficient to warrant a conviction upon the other. A single act may be an offense against two statutes; and if either statute requires proof of an additional fact, an acquittal of the offense requiring proof of the additional fact does not exempt the defendant from prosecution and punishment under the statute which does not require proof of such additional fact.

Judgment affirmed.

Marshall, C. J., Robinson, Jones, Matthias, Allen and Conn, JJ., concur.

### No. 8

No. 18385—Oren D. Becker, Executor of the last will and testament of Sarah E. Haws, deceased, et al. v. Edwin C. Fisher, et al. Error to the Court of Appeals of Clinton county.

1271. WILLS—Where will creates two charitable trusts and first is invalid, full effect may be given to second unless such enforcement works contrary to testator's intentions. CONN, J.

Where a will attempts to set up two charitable trusts, the second to take effect upon the termination of the first, and the first fails for invalidity, full effect may be given the second trust, if it be otherwise valid, unless the trusts are so interwoven in an entire scheme that to give effect to the second trust would work an injustice among the beneficiaries or defeat the testator's wishes.

Judgment reversed.

Marshall, C. J., Robinson, Allen and Conn, JJ., concur. Day, J., concurs in judgment of reversal. Jones, J., dissents.